## William Gallagher, William J. Gilmore, and Oliver Gardner, otherwise called Frank L. Gardner, Plffs. in Err., *v.* Strobridge Lithographing Company.

In an action of assumpsit, on the common counts, for goods sold and delivered, an agreement under seal to furnish the goods, executed by an agent, may be offered in evidence for the purpose of proving the value of the goods by showing the prices which the defendant had agreed to pay, notwithstanding a copy of the instrument had been filed under the affidavit of defense law.

(Argued April 1, 1887.   Decided April 11, 1887.)

January Term, 1887, No. 230, E. D., before MERCUR, Ch. J., TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to Common Pleas No. 4 of Philadelphia County to review a judgment on a verdict for plaintiff in an action of assumpsit. Affirmed.

Reported below 2 Pa. Co. Ct. 356.

The summons was issued February 28, 1885. On March 7, 1885, a copy of the following instrument was filed:

Articles of agreement entered into this 2d day of June, 1884, by and between the Strobridge Lithographing Co., of Cincinnati, Ohio, of the first part, and Gallagher, Gilmore, & Gardner, of Philadelphia, Pa., of the second part, witnesseth: The party of the first part hereby agrees to furnish the party of the second part, the following amounts of work as specified below:

### Window Lithographs.

| Number Copies. | Size. | Weight Paper. | Number Colors. | Number Subjects. | Price Per Copy. |
|---|---|---|---|---|---|
| 5000 | 30x40 | 129 | 4 | 1 | 9 |
| 5000 | 30x40 | 129 | 4 | 1 | 9 |
| 5000 | 20x30 | 124 | 4 | 1 | $4\frac{1}{2}$ |
| 5000 | 20x30 | 120 | 4 | 1 | $4\frac{1}{2}$ |
| 5000 | 20x30 | 120 | 4 | 1 | $4\frac{1}{2}$ |
| 5000 | 20x30 | 120 | 4 | 1 | $4\frac{1}{2}$ |

Posters and Streamers.

| Number Copies. | Number Sheets. | | Weight Paper. | Number Colors. | Price Per Sheet. |
|---|---|---|---|---|---|
| 1000 | 9 | | 80 | 4 | 10 |
| 1000 | 9 | | 80 | 4 | 10 |
| 1000 | 6 | | 80 | 4 | 10 |
| 1000 | 6 | Streamers | 80 | 4 | 10 |
| 2000 | 3 | | 80 | 4 | 8 |
| 2000 | 3 | | 80 | 4 | 8 |
| 2000 | 1 | | 80 | 2 | 6 |
| 500 | 1 | | 80 | 2 | 6 |
| 500 | 1 | | 80 | 2 | 6 |

Total Amount, $6,000.00.

Said work to be made from subjects given and sketches approved by party of the second part, and as much work as possible ready for delivery in Cincinnati, on the 19th day of June, 1884. The party of the second part agrees to take all of said work as above specified on or before May 1, 1885, and to pay for the same in the following manner, commencing on the 15th day of July, 1884, and to pay the sum of $250 each and every week until the full amount of indebtedness to said party of the first part is paid.

Witness our hands and seals at New York & Philadelphia this 2d day of June, 1884.

William J. Gilmore,     [Seal]

For Gallagher, Gilmore, & Gardner.

Strobridge Litho. Co.,     [Seal]

Per A. A. Stewart.

With this copy of the instrument was an averment as follows: "And the said plaintiff avers that it did and performed the work according to the above contract, and duly tendered the same to the said defendants." An affidavit was filed denying partnership, and alleging that the instrument filed was not such an instrument as would entitle plaintiff to judgment for want of an affidavit of defense, and also to the merits. The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which was discharged by the court.

The plaintiff then filed a declaration in the common counts,

under which it furnished the defendants a bill of particulars as follows:

Plaintiff claims under the common counts for goods sold and delivered as follows:

Gallagher, Gilmore, & Gardner,

To Strobridge Lithographing Co., **Dr.**

1884.

| Aug. 31. | 1,000 nine-sheet Peacock .............. | $900 | 00 |
|---|---|---|---|
| | 1,000 nine-sheet Mushroom ........... | 900 | 00 |
| | 1,000 six-sheet Reptiles .............. | 600 | 00 |
| | 2,000 three-sheet Combat ............. | 480 | 00 |
| | 2,000 three-sheet Milkmaid ........... | 480 | 00 |
| | 1,000 six-sheet Streamer ............. | 600 | 00 |
| | 2,000 one-sheet Dates ................ | 120 | 00 |
| | 500 one-sheet Proprietor ............ | 30 | 00 |
| | 500 one-sheet Manager ............. | 30 | 00 |
| | 5,000–20 x 30 Ballet nudes & coquetés, 4½ ..................... | 225 | 00 |
| | 5,000–20 x 30 Ruined Castle .......... | 225 | 00 |
| | 5,000–20 x 30 Mysterious Church ..... | 225 | 00 |
| | 5,000–20 x 30 Chinese Ballet .......... | 225 | 00 |
| | 5,000–30 x 40 Peacock ............ ..... | 450 | 00 |
| | 5,000–30 x 40 Combination ..... ..... | 450 | 00 |

1885.

| Aug. 31. | 400 Dale Ends steams .............. | 24 | 00 |
|---|---|---|---|
| | | $5,964 | 00 |
| | Amount of credits allowed .......... | 5,168 | 58 |
| | | $795 | 42 |

The defendants pleaded nonassumpsit, and payment with leave, etc.

On the trial the plaintiff offered in evidence the article of agreement of June 2, 1884, which was objected to, admitted, and exception noted.

The plaintiff further offered evidence to prove delivery of goods. The defendant offered no evidence, but asked that the jury be instructed to find for the defendants, because the action should have been covenant. Refused by the court. Verdict for plaintiff for $878.43 and judgment thereon.

The opinion of the court discharging a rule for a new trial (referred to in the opinion of the supreme court) was as follows, by THAYER, P. J.:

This was an action of assumpsit for goods sold and delivered. The goods had been supplied under a written contract, which was executed, and upwards of $5,000 had been paid by the defendants on account of the bill. The plaintiff had a verdict for the balance remaining due and unpaid, *viz.,* $878.43. No defense whatever was made upon the merits, and there was no pretense that the balance claimed was not due. In order to prove that the prices charged were proper ones the plaintiff offered in evidence the written contract between the parties, which was objected to because it was alleged to be under seal, the defendants maintaining that an action of assumpsit could not be supported by proof of a contract under seal. In point of fact the paper was signed

> "William J. Gilmore,
>    For Gallagher, Gilmore, & Gardner.
>       Strobridge Litho. Co.,
>          Per A. A. Stewart."

And there was a seal opposite "Gallagher, Gilmore, & Gardner," and another opposite "Strobridge Litho. Co." If the first seal was intended for William J. Gilmore's seal, then it is plain it was not the seal of the defendants, although they may well be liable, notwithstanding, upon the contract made by their agent.

In Hopkins v. Mehaffy, 11 Serg. & R. 126, it was held that where the agent of a company signed his own name and affixed his seal to a contract made on behalf of the company, the company being mentioned in the body of the contract, as the contracting party, this was neither the deed of the company nor of the agent. But if the agent had authority to contract, the company might be sued in a proper form of action, but not upon the instrument as their deed.

On the other hand if the seal in the present case was intended for the seal of the three defendant copartners constituting the firm of Gallagher, Gilmore, & Gardner, there was no evidence whatever in the case that Gilmore had any authority to bind his copartners by deed, and without such proof, or proof of their assent to or ratification of the act, it is clear that the instrument could not be regarded as their deed. Schmertz v. Shreeve, 62 Pa. 457, 1 Am. Rep. 439; Bond v. Aitkin, 6 Watts

& S. 165, 40 Am. Dec. 550; Snyder v. May, 19 Pa. 235; Bewley v. Tams, 17 Pa. 485.

By the ancient law an authority to an agent to execute a deed in the name of his principal could only be shown by an authority which was itself under seal, and this doctrine was strenuously maintained by GIBSON, J., in Hart v. Withers, 1 Penr. & W. 291, 21 Am. Dec. 382; but it is now well settled that previous authority or subsequent ratification may be shown by parol. Fichthorn v. Boyer, 5 Watts, 159, 30 Am. Dec. 300; Bond v. Aitkin, 6 Watts & S. 165, 40 Am. Dec. 550; Cady v. Shepherd, 11 Pick. 400, 22 Am. Dec. 379; Johns v. Battin, 30 Pa. 84; Gram v. Seton, 1 Hall, 262.

If, then, in the present case any proof had been given by the defendants to show that Gilmore had authority to execute the sealed agreement for them, or that they had assented to it or ratified it, their objection to the admission of the paper might have been well taken, for the general rule undoubtedly is that a sealed agreement which is the cause of action cannot be put in evidence to sustain an assumpsit upon that cause of action, even where the contract has been executed. Harley v. Parry, 18 Pa. 44; Bewley v. Tams, 17 Pa. 485; Irwin v. Shultz, 46 Pa. 74; Shæffer v. Geisenberg, 47 Pa. 500; McManus v. Cassidy, 66 Pa. 260.

It is also well settled that where a seal is not essential to a contract the addition of a seal by the agent without authority will not vitiate it, but may be rejected as surplusage and a suit maintained upon it against the principal as a simple contract. Baum v. Dubois, 43 Pa. 260; Jones v. Horner, 60 Pa. 215; 1 Am. Lead. Cas. 297, where the cases are collected.

The plaintiff in the present case by offering the agreement in evidence to prove the value of the goods furnished did not thereby assert the authority of the defendants' agent to seal the instrument for them. It knew the partner had authority to bind the firm by contract, but it did not know and had no evidence to prove that he had authority to bind them by a seal.

The paper was offered in evidence upon the footing of a simple contract, which indeed it was, in the absence of any evidence of authority on the part of the defendants' agent to affix their seal to it; and it was offered for the purpose of proving the value of the goods by showing the prices which the defendants had

agreed to pay. It was not offered as the foundation of the action.

The cause of action was fully made out in other ways, *viz.,* by the plaintiff's books of original entry, which were not objected to, and by parol proof of the delivery of the goods. We think the agreement was properly admitted in evidence for the purpose for which it was offered; and we are confirmed in this opinion by a recent decision of the supreme court, where, under similar circumstances and for a similar purpose, it was ruled that a lease sealed by an agent, who was not shown to have any authority to bind his principal in that way, was properly admitted when offered in evidence by the plaintiff in an action of assumpsit for use and occupation, in order to show the value of the defendant's occupation. Jennings v. McComb, 112 Pa. 518, 4 Atl. 812.

Mere bald technical defenses must be submitted to, where no sufficient answer can be given to them, in the interest of order and certainty, in the administration of the law, but are not entitled to special encouragement. The plaintiff here, with a perfectly good cause of action against the defendants, to which no meritorious defense whatever was shown, was beset with technical ambuscades whatever path might be pursued. It declared in assumpsit and was met with the objection that it ought to have been declared in covenant. If it had amended and declared in covenant, then it was quite competent for the defendants to change their front, demand proof that Gilmore had authority to bind them by seal, and say that the suit should have been in assumpsit; and so assumpsit might have been played off against covenant, and covenant against assumpsit for an indefinite period. Happily for justice we are enabled to put an end to the game in its initial stages.

The assignments of error specified the action of the court: (1) In admitting as evidence the contract under seal dated June 2, 1884, the same being offered at the beginning of the trial as the first offer of evidence on the part of plaintiff, notwithstanding the objection of defendants' counsel that the contract was under seal and signed by William J. Gilmore for the firm, and no authority was shown to bind the firm, and because the suit is in assumpsit; (2) in entering judgment for plaintiff under the pleadings in the case; (3) in not instructing the

jury to find a verdict for defendants; and (4) in entering judgment for plaintiff upon the evidence submitted in the cause.

*Horn R. Kneass,* for plaintiffs in error.—The uniform and unbroken line of decisions in Pennsylvania establishes the inexorable rule that where a contract has been made under seal, and an action is brought to recover upon that contract for a breach thereof, assumpsit will not lie, but that the action brought must be covenant or debt.   January v. Goodman, 1 Dall. 208, 1 L. ed. 103; Bewley v. Tams, 17 Pa. 485; Harley v. Parry, 18 Pa. 44; Irwin v. Shultz, 46 Pa. 74; Shaeffer v. Geisenberg, 47 Pa. 500; McManus v. Cassidy, 66 Pa. 260; Shamokin Valley & P. R. Co. v. Malone, 85 Pa. 25; Chitty, Pl. 98, 115; Rogers v. Burke, 2 Pearson (Pa.) 68.

That the action was brought upon the contract, and not upon the book account, and that the effort to recover upon the latter is an afterthought, is manifest from a reference to the book account compared with the date of the issuing of the original summons in the case, and also with the averment accompanying the copy of instrument filed.   Jennings v. McComb, 112 Pa. 518, 4 Atl. 812, does not confirm the court below in its ruling in this case.   In that case the written lease was not sued upon, nor could it have been, being void under the statute of frauds.   The action was for use and occupation arising out of a parol contract alleged to have been made between two plaintiffs and the defendant.   The paper upon which the point in that case arose was signed by a person representing himself to be the agent for one of the plaintiffs, and that plaintiff's name was not subscribed thereto, except as appeared to have been written by her agent for her with the seal opposite, exhibiting the seal of the agent and not of the principal; and the paper had only the effect, having been signed by the defendant, of being his declaration of the value of the premises, and was admissible as evidence against himself.

No brief was filed for defendant in error.

PER CURIAM:

The plaintiff below declared in assumpsit and filed the ordinary common counts.   Its claim was for work, and it furnished to the defendants a bill of particulars presumably copied from

a book of original entries. True, it also filed an agreement under seal executed by one A. A. Stewart, but who he was or under what authority he acted is not shown. The claim was not rested on that contract, and the learned judge correctly said "that contract was not the foundation of the plaintiff's action." It was merely offered "for the purpose of proving the value of the goods by showing the prices which the defendants had agreed to pay." We think there was no error in receiving it for that purpose, and in holding that the action of assumpsit could be maintained for the goods sold and delivered.

Judgment affirmed.